Robert Doscher, J.
The City of Rye brings this action to enjoin defendants from using a system of floats and piles for mooring of boats. The floats and piles (hereinafter referred to as “ structure ”) are located in the inner harbor, sheltered by Manursing Island, and the outer portion of Port Chester Harbor, all within the territorial limits of the city.
For many years prior to the enactment of any zoning ordinance by the city, or its predecessor Village of Rye, a boatyard and mooring station had been maintained. Up to 1956, the ■ moorings were accomplished without use of the structure. In 1956, without permit from the city, the structure was erected and, in consequence thereof, this action was commenced.
It is elementary that if the zoning ordinance of the city covered the land under water upon which the structure was located, defendants’ compliance with that ordinance was necessary. It is defendants’ contention that, regardless of the city’s intent, the ordinance did not cover the land under water here involved.
It has become very trite to say that zoning ordinances are in derogation of common law and must be strictly construed in favor of the owner of property. The provisions of an ordinance may not be extended by implication (Matter of 440 East 102nd St. Corp. v. Murdoch, 285 N. Y. 298).
A reading of the ordinance indicates an intent to zone all land (including that under water) within the city. However, the intent alone, without implementation, is not sufficient to bind any land.
The ordinance provides for various districts and fixes the boundaries of these districts ‘ ‘ as shown on a map entitled ‘ Zoning Map ’ of the City of Rye ”. An examination of the map *295 indicates the care with which it was drawn. On it are shown all of the upland, mean high tide, mean low tide and mean tide. Carefully, also, the zoning district lines were drawn at the shore line and the land under water not included in a district.
The city attempts to save its position by reference to section 9.22 of the Zoning Ordinance. It is there provided that “ where * * * a water course is shown as a district boundary line, the center line is intended to be the boundary line ”. In the case at bar, the water course is not the boundary line, and, hence, the district cannot be extended to the center thereof. To hold otherwise would mean extending it first to the center line, and then to the far line, for there is no classification beyond the center line. The city also urges that the same section makes the classification of any land in question that of the most restricted adjoining district. The classification of the land under water in this case is not in question — it has not been classified.
Since the court finds that the land under water was not zoned at the time of the erection of the structure, no permit was required from the city. It is unnecessary to pass on any further questions raised.
Submit judgment, on notice, dismissing the complaint.